**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,<br><i>Plaintiff-Appellant</i>,<br><br>v.<br><br>HASEEB MALIK; ABDUL MAJID,<br><i>Defendants-Appellees.</i></td><td>No. 19-10166<br><br>D.C. No.<br>3:18-cr-00077-<br>MMD-WGC-1<br><br>OPINION</td></tr>
</table>

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted May 14, 2020
San Francisco, California

Filed July 6, 2020

Before: J. Clifford Wallace and Ryan D. Nelson, Circuit
Judges, and Frederic Block,[*] District Judge.

Per Curiam Opinion

---

[*] The Honorable Frederic Block, United States District Judge for the
Eastern District of New York, sitting by designation.

## SUMMARY**

### Criminal Law

The panel reversed the district court's order suppressing 135 pounds of cocaine and 114 pounds of methamphetamine discovered during a Nevada Highway Patrol trooper's search of the cab of a tractor-trailer pulled over for speeding.

The district court found that the trooper, who smelled marijuana in the cab as he approached the tractor-trailer, lacked probable cause to search the cab and containers therein. The panel held that the district court's failure to include the driver's contradictory statements about when he had smoked a marijuana cigarette in its totality of the circumstances analysis was error, and that the district court's failure to analyze the totality of the circumstances known to the trooper is part and parcel of its broader error; namely its focus on the trooper's subjective motivations for performing the search. The panel explained that because the trooper stopped the tractor-trailer as part of a criminal investigation supported by reasonable suspicion, his subjective motivations are not relevant. The panel concluded that the trooper had probable cause to search the cab and containers for evidence of violations of Nevada state law based on the driver's admission that he had smoked a marijuana cigarette earlier in the day and his shifting story regarding how many hours earlier he had done so.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Nancy M. Olson (argued) and Phillip N. Smith Jr., Assistant United States Attorneys; Elizabeth O. White, Appellate Chief; Nicholas A. Trutanich, United States Attorney; United States Attorney's Office, Las Vegas, Nevada; for Plaintiff-Appellant.

Kate Berry (argued), Assistant Federal Public Defender; Rene L. Valladares, Federal Public Defender; Office of the Federal Public Defender, Reno, Nevada; for Defendants-Appellees.

**OPINION**

PER CURIAM:

Nevada Highway Patrol Trooper Chris Garcia pulled over a tractor-trailer for speeding outside of Ely, Nevada. When he approached the tractor-trailer, Garcia smelled marijuana in the cab. The driver, Haseeb Malik, admitted he smoked a marijuana cigarette six to seven hours earlier in the day. Garcia subsequently radioed for backup and conferred with Trooper Adam Zehr about whether to search the cab of the tractor-trailer. Having decided to search the cab, Garcia re-approached the tractor-trailer, ordered Malik and his co-driver, Abdul Majid, out of the cab, and *Terry* frisked both defendants. During the course of the *Terry* frisk, Malik changed his story, admitting that he smoked the marijuana cigarette three to four—rather than six to seven—hours earlier. During Garcia's subsequent search of the cab, he discovered 135 pounds of cocaine and 114 pounds of methamphetamine.

After their arrest, Malik and Majid moved to suppress the narcotics, arguing Garcia lacked probable cause to search the cab and containers therein. The district court granted the motion. We review the grant of a motion to suppress de novo. *See United States v. Tan Duc Nguyen*, 673 F.3d 1259, 1263 (9th Cir. 2012). The district court's underlying factual findings are reviewed for clear error. *See United States v. Barnes*, 895 F.3d 1194, 1199 (9th Cir. 2018).

We begin with the Government's argument that the district court erred by failing to evaluate the totality of the circumstances known to Garcia prior to his search. We agree that the district court failed to evaluate the totality of circumstances known to Garcia. The district court limited its analysis to whether Garcia had probable cause at the time he approached the cab with the intent to search it. During the *Terry* frisk of the defendants, however, Malik made statements contradicting his earlier story about when he had smoked the marijuana cigarette. The district court's decision not to include Malik's contradictory statements in its totality of the circumstances analysis was error. *See United States v. Ped*, 943 F.3d 427, 431 (9th Cir. 2019) (the "assessment of probable cause" takes into account "the totality of the circumstances known to the officers at the time of the search").

The district court's failure to analyze the totality of the circumstances is part and parcel of its broader error; namely, its focus on Garcia's subjective motivations for performing the search. "Fourth Amendment reasonableness is predominantly an *objective* inquiry." *Ashcroft v. al-Kidd*, 563 U.S. 731, 736 (2011) (emphasis added) (internal quotation marks omitted). Although administrative searches are an exception to this rule, *see United States v. Orozco*, 858 F.3d 1204, 1210–11 (9th Cir. 2017) (observing that

"actual motivations do matter" in administrative-search cases (internal quotation marks omitted)), Garcia stopped the tractor-trailer because he reasonably suspected Malik was speeding.   Unlike *Orozco*, which involved an officer's decision to use his administrative search authority as pretext for an investigatory stop, *id.* at 1213–16, Garcia stopped the tractor-trailer as part of a criminal investigation supported by reasonable suspicion.  His subjective motivations, therefore, are not relevant.  *See al-Kidd*, 563 U.S. at 736.

Finally, we turn to whether Garcia had probable cause to search the cab and containers therein for evidence of violations of Nevada law.[1]  We conclude he did.  Although Nevada has decriminalized the possession of small amounts of marijuana, it remains a misdemeanor in Nevada to "smoke[] or otherwise consume[] marijuana in a public place, . . . or in a moving vehicle."   Nev. Rev. Stat. § 453D.400(2).  Nevada also continues to prohibit drivers from operating a vehicle while under the influence of marijuana.   *See* Nev. Rev. Stat. §§ 453D.100(1)(a), 484C.110, 484C.400.

Malik admitted he smoked a marijuana cigarette earlier that day, but told Garcia he had thrown out the remainder of the marijuana cigarette.  Garcia was entitled to rely on Malik's admission in making the probable cause determination, *cf. United States v. Pope*, 686 F.3d 1078, 1084 (9th Cir. 2012), and was not required to believe Malik's statement about throwing out the remainder of the marijuana cigarette, *see District of Columbia v. Wesby*, 138 S. Ct. 577, 592 (2018) (observing that "officers are free to disregard

---

[1] Because Garcia had probable cause to search for evidence of violations of Nevada state law, we do not reach the question of whether Garcia had probable cause to search for violations of federal law.

either all innocent explanations, or at least innocent explanations that are inherently or circumstantially implausible"), particularly in light of Malik's changing story about when he smoked the marijuana cigarette, *see id.* at 587  (observing that when a suspect changes his or her story, the officer can "reasonably infer[] that [the person being questioned is] lying and that their lies suggest[] a guilty mind").  We conclude Garcia had probable cause to search the cab and containers therein for evidence of violations of Nevada state law based on Malik's admission and shifting story.

**REVERSED and REMANDED.**