NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 1 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KEVIN TRAN,

Defendant-Appellant.

No. 22-50147

D.C. No. 8:21-cr-00193-PA-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted January 12, 2024
Pasadena, California

Before: TALLMAN and BENNETT, Circuit Judges, and LASNIK,[**] District
Judge.

Officer Patrick Murphy saw a gray Toyota Camry that had its registration

tags scratched or torn off. His registration check revealed that the registration had

been expired for about two years. Officer Murphy initiated a traffic stop,

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

approached the car, and saw two people in it—the driver Michael Nguyen and the defendant Kevin Tran, who was sitting in the front passenger seat. He searched the car with Nguyen's consent. He also searched Tran's backpack located on the front passenger seat, where inside the main compartment he found a handgun—a Glock, model 23, .40 caliber semi-automatic pistol—and 13 rounds of ammunition. Tran was arrested for being a felon in possession of the firearm and ammunition. *See* 18 U.S.C. § 922(g)(1). Tran moved to suppress the gun and the ammunition because of the alleged unconstitutional search of his backpack. He also moved to suppress all evidence and statements obtained following his alleged prolonged detention. The district court orally denied Tran's motion to suppress. Tran entered a conditional guilty plea to the single-count indictment, which preserved his right to appeal the denial of his motion to suppress. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

1.      We review the district court's denial of a motion to suppress evidence de novo and its factual findings for clear error. *United States v. Norris*, 942 F.3d 902, 907 (9th Cir. 2019). Under the automobile exception, "police officers with probable cause to search a car may inspect passengers' belongings found in the car that are capable of concealing the object of the search." *Wyoming v. Houghton*, 526 U.S. 295, 307 (1999). Officer Murphy suspected that Nguyen violated California's DUI laws. *See* Veh. Code §§ 23152(f), 23536; Cal. Health & Safety

Code § 11362.3(a)(7)–(8).  Thus, we must assess the totality of the facts and circumstances known to Officer Murphy prior to his search of Tran's backpack to determine whether he had probable cause to believe that Nguyen was driving "under the influence of any drug," Cal. Veh. Code § 23152(f), or was "[s]mok[ing] or ingest[ing] cannabis . . . while driving," Cal. Health & Safety Code § 11362.3(8).

Before the search of Tran's backpack, the totality of the circumstances included the following: (1) Officer Murphy smelled the odor of burned marijuana coming from the car.  (2) Officer Murphy found on Nguyen a knife and a small glass jar that contained a green leafy substance, which appeared to be marijuana.  (3) Tran's identification check confirmed that he belonged to the "Asian Boys" gang, which "[b]ased on [Officer Murphy's] training and experience, . . . is frequently involved in criminal activity, including vehicle theft and drug trafficking."  (4) Tran told Office Murphy that there was marijuana inside his backpack.[1]  The district court also noted that "Nguyen complain[ed] that he . . .

---

[1] Tran claims that the government cannot rely on this statement because he made it after the search began and "[t]he Government cannot justify the vehicle search based on information the officers learned after that search began."  But we assess the "totality of the circumstances known to the officers prior to the challenged searches and seizures."  *United States v. Woods*, 720 F.2d 1022, 1023 (9th Cir. 1983), and here, the "challenged search" is the search of the backpack.  While Nguyen's consent to the vehicle search did not independently justify the search of Tran's backpack, by the time Officer Murphy began searching Tran's backpack, he had developed probable cause to believe that it might contain evidence that

d[id]n't want to get out of the car."

The smell of marijuana, combined with the other facts discussed above, supports probable cause that Nguyen violated California's DUI laws. *See United States v. Malik*, 963 F.3d 1014, 1016 (9th Cir. 2020) (per curiam) (holding that the officer had probable cause to search a tractor-trailer because the officer smelled marijuana in the tractor-trailer and because the defendant—the driver of the tractor-trailer—had a "changing story about when he smoked the marijuana cigarette"); *United States v. Vasquez*, No. 19-50275, 2021 WL 3011997, at *2 (9th Cir. July 15, 2021) (acknowledging that while "[i]t is true that the smell of marijuana alone no longer provides a basis for probable cause[,] . . . when combined with other factors, the smell of marijuana may still support probable cause that a vehicle contains evidence of marijuana activity that remains unlawful under California law"), *cert. denied*, 142 S. Ct. 502.

The evidence supporting probable cause to search Tran's backpack was strong, especially considering that Officer Murphy smelled "burned," rather than fresh, marijuana and that Tran admitted that there was marijuana in his backpack. We thus affirm the district court's determination that Officer Murphy had probable cause to believe Nguyen had violated California's DUI laws. Tran does not

Nguyen had violated California's DUI laws. *See United States v. Blunt*, 535 F. App'x 542, 544 (9th Cir. 2013).

4

challenge that the backpack could contain evidence of DUI. Thus, the search of Tran's backpack, which yielded the gun and ammunition, was lawful under the automobile exception.

2.     Tran next argues that the officers violated his Fourth Amendment rights by lengthening the roadside detention to conduct criminal investigations unrelated to the mission of the traffic stop or any independent reasonable suspicion. Thus, Tran claims that all fruits of the alleged prolonged detention must be suppressed under *Rodriguez v. United States*, 575 U.S. 348 (2015). An officer's additional investigative actions or questioning are "permissible only if [they] w[ere] (1) part of the stop's 'mission' or (2) supported by independent reasonable suspicion." *United States v. Landeros*, 913 F.3d 862, 867–68 (9th Cir. 2019). Here, there was a valid basis for the traffic stop, so we move to the alleged prolonged detention.

First, Officer Murphy did not improperly prolong the detention by ordering Nguyen to exit the car. *See Pennsylvania v. Mimms*, 434 U.S. 106, 109–10 (1977) (per curiam) (holding that even when "the officer had no reason to suspect foul play from the particular driver at the time of the stop, there having been nothing unusual or suspicious about his behavior," the officer's precautionary "practice to order all drivers out of their vehicles as a matter of course whenever they had been stopped for a traffic violation" was constitutionally proper).

5

Second, the officers did not improperly prolong the stop by frisking either Nguyen or Tran. *See Arizona v. Johnson*, 555 U.S. 323, 332 (2009) ("[O]fficers who conduct routine traffic stops may perform a patdown of a driver and any passengers upon reasonable suspicion that they may be armed and dangerous." (cleaned up)). The brief frisks were justified by the odor of burned marijuana, the suspected vehicle theft, Nguyen's initial refusal to get out of the car, the knife in Nguyen's pocket, and reason to believe Nguyen and Tran were engaged in a "common enterprise." *Houghton*, 526 U.S. at 304–05.

Third, Officer Elhami did not improperly prolong the detention by briefly asking Tran whether he was "on probation or anything." *See Johnson*, 555 U.S. at 333 ("An officer's inquiries into matters unrelated to the justification for the traffic stop . . . do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop.").

Fourth, Officer Elhami did not improperly prolong the detention by ordering Tran to exit the car. *See Maryland v. Wilson*, 519 U.S. 408, 410 (1997) (extending *Mimms* to passengers).

Fifth, the officers did not improperly prolong the detention by asking for Tran's identification and searching the car because the officers had *at least* formed reasonable suspicion of criminal conduct prior to their investigative steps. "Although a mere hunch does not create reasonable suspicion, the level of

6

suspicion the standard requires is considerably less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause." *Navarette v. California*, 572 U.S. 393, 397 (2014) (cleaned up). And Nguyen consented to the vehicle search.

Here, when Officer Elhami asked Tran for identification, he knew several facts that he did not know when Officer Murphy first stopped the car: (1) that the car smelled of burned marijuana; (2) that Nguyen had a knife and a small glass jar containing what appeared to be marijuana; (3) that Tran had an "Asian Boys" tattoo; and (4) that Nguyen initially refused to get out of his car. And by the time that Officer Murphy began searching the car, Tran's identification check confirmed that he belonged to the "Asian Boys" gang.

None of the cases Tran cites support that any of these actions and inquiries were unsupported by reasonable suspicion.

**AFFIRMED.**