NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50267 |
| Plaintiff-Appellee, | D.C. No. 5:18-cr-00242-DMG-1 |
| v. | |
| JORGE LUIS FLORES-ALTAMIRANO, | |
| Defendants-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge

Argued and Submitted June 12, 2024
Pasadena, California

Before: W. FLETCHER, CHRISTEN, and VANDYKE, Circuit Judges.
Concurrence by Judge VANDYKE.

Jorge Flores-Altamirano appeals the district court's order denying his

motion to suppress evidence seized by Immigration and Customs Enforcement

(ICE) officers pursuant to an immigration arrest. Because the parties are familiar

with the facts, we do not recount them here. We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

28 U.S.C. § 1291. We review de novo a district court's decision on a motion to suppress, *see United States v. Malik*, 963 F.3d 1014, 1015 (9th Cir. 2020) (per curiam), and we affirm the district court's decision.

1. The district court correctly assumed that the ICE officers did not obtain an administrative warrant before arresting Flores-Altamirano because they were unable to produce one. The district court also correctly determined that the ICE officers had probable cause to believe that Flores-Altamirano was present in the United States in violation of 8 U.S.C. § 1326(a)(2)(A) based upon his 2008 removal order and positive identification in the United States. *See United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) ("Under the Fourth Amendment, a warrantless arrest requires probable cause."). The record supports the Government's argument that the ICE officers also had information indicating that Flores-Altamirano had not received consent to reapply for admission to the United States. The checkbox corresponding to the Computer Linked Application Information Management (CLAIMS) database on the Field Operations Worksheet was checked negative, indicating the absence of any record in Flores-Altamirano's immigration file that he had applied for readmission.

2. The district court relied upon the "likelihood of escape" exception to the warrant requirement, 8 U.S.C. § 1357(a)(4), to conclude that the officers' arrest of Flores-Altamirano and seizure of evidence was lawful. *See Contreras v. United*

*States*, 672 F.2d 307, 308-09 (2d. Cir. 1982). The record does not support reliance on this exception because the record shows that ICE surveilled Flores-Altamirano at his home for a protracted period, and their testimony does not establish that they believed Flores-Altamirano would escape before they had the opportunity to obtain a warrant; indeed, they claimed to have obtained one.

3. We nevertheless affirm the district court's decision to deny the motion to suppress because we conclude that suppression is not an appropriate remedy for the § 1357(a) violation alleged in this case. *See United States v. Dreyer*, 804 F.3d 1266, 1278 (9th Cir. 2015) (noting that while the court has the discretion to impose the exclusionary rule to remedy statutory violations, "the Supreme Court has approved of using the rule to remedy statutory violations only in rare circumstances"). The exclusionary rule is not a remedy the court applies lightly, *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 332 (2006), and the Supreme Court has cautioned that suppression of evidence should be the court's "last resort, not its first impulse." *Hudson v. Michigan*, 547 U.S. 586, 591 (2006); *Dreyer*, 804 F.3d at 1278. We decline to exercise our general supervisory powers to suppress the evidence seized in this case because Flores-Altamirano has not shown that there is a need to deter a purposeful or reckless violation or disregard of the law. *See Davis v. United States*, 564 U.S. 229, 237 (2011) ("[T]he deterrence benefits of suppression must outweigh its heavy costs."). The record shows careless record

3

keeping, and the district court appropriately expressed concern that ICE officers require additional training on the proper procedures for obtaining and preserving administrative warrants, but we are not persuaded that the officers acted in bad faith or that there is otherwise a need to deter future violations of the sort that occurred here.

**AFFIRMED.**

*United States of America v. Jorge Luis Flores-Altamirano*, No. 22-50267
VANDYKE, Circuit Judge, concurring in the judgment:

I agree with the majority's disposition, and I agree with its analysis in most respects. My only point of departure is that I am less sure than the majority that the likelihood of escape exception to the statutory warrant requirement cannot apply here. While it is true that ICE surveilled Flores-Altamirano's home, once they finally identified him leaving the home there seems little doubt he may have escaped if they had not immediately arrested him at that point. So the exception's application here raises some difficult questions as to the point at which we assess the likelihood of escape. But because I agree with the majority that even if a warrant was statutorily required suppression is not the appropriate remedy, I would simply assume without deciding that a warrant was required and reach the same ultimate conclusion as the majority.